Citation Nr: 1434241 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 08-25 042 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in 
Columbia, South Carolina


THE ISSUE

Entitlement to a disability rating in excess of 10 percent for left knee arthritis with painful motion to include consideration of whether an additional and separate disability rating for residuals of left knee semilunar cartilage removal is warranted.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Mary C. Suffoletta, Counsel 


INTRODUCTION

The Veteran served on active duty from August 1971 to August 1975.

These matters initially came to the Board of Veterans' Appeals (Board) on appeal from a January 2007 decision of the RO that denied an increased disability rating for the Veteran's service-connected left knee disability. The Veteran timely appealed.
 
In February 2009, the Veteran testified during a hearing before RO personnel. In November 2009, jurisdiction of his appeal was transferred to the RO in Columbia, South Carolina.

In December 2010, the Veteran testified during a hearing before a former Veterans Law Judge. In March 2011, the Board remanded the matter for additional development.

In September 2012, the Board duly notified the Veteran that the Board no longer employed the Veterans Law Judge that conducted the December 2010 Board hearing and that he had the right to another Board hearing. No response to the September 2012 letter was received.

In a February 2013 decision, the Board denied a disability rating in excess of 10 percent for service-connected left knee arthritis with painful motion; denied a disability rating in excess of 20 percent for service-connected status-post left knee injury, including patellar tendon laceration, traumatic surgical scar, and medial ligament laxity; and remanded an inferred claim for a total disability rating based on individual unemployability (TDIU) for additional development, which remains pending at the Agency of Original Jurisdiction.

The Veteran appealed the February 2013 Board decision to the United States Court of Appeals for Veterans Claims (Court). In a January 2014 Joint Motion for Partial Remand, the parties moved to vacate the portion of the Board decision that denied a disability rating in excess of 10 percent for service-connected left knee arthritis with painful motion-to include the denial of an additional and separate rating for residuals of left knee semilunar cartilage removal-and remand the case to the Board. The Court granted the motion. Thereafter, the case was returned to the Board.

Consistent with the Court's order, the Board has recharacterized the issues on appeal as shown on the title page of this decision. 

Lastly, in addition to reviewing the Veteran's paper claims file, the Board has surveyed the contents of his electronic claims file.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran and his representative when further action is required.


REMAND

In evaluating the Veteran's requests for increased disability ratings, the Board has reviewed the medical evidence of record.

Historically, the Veteran sustained a laceration of the left knee when he was struck with an axe in May 1975. Records show that he underwent debridement of the wound, and repair of the laceration of the subpatella tendon, with irrigation of the joint and packing of the joint. Records, dated in August 1989, show a diagnosis of post-surgical repair of a severed, lacerated patella tendon of the left knee with good results. Some slight medial ligament laxity of the left knee and some limitation of motion were also described. X-rays taken in April 2003 revealed osteoarthritic change in the left knee, more so in the medial and patellofemoral compartment.

Records show that, in December 2006, the Veteran twisted his left knee, with weight-bearing, while getting off of a fork-lift truck. MRI scans then revealed a medial meniscus tear. Since then, his left knee pain level had increased; and the Veteran walked with an antalgic gait, favoring the left knee, and wore a knee brace. Records show that, in March 2007, he underwent left knee arthroscopy without any complications. Then, in April 2007, after walking for several hours, the Veteran heard a "pop" in his left knee, developed increased pain and swelling, and presented to the emergency room. In August 2007, the Veteran continued to complain of activity-related left knee pain, and reported feelings of instability. He underwent physical therapy in October 2007.

In this case, the Veteran contends that his service-connected left knee arthritis with painful motion is more severe than currently rated, and warrants an additional or separate rating for symptomatic residuals of left knee semilunar cartilage removal. Records show that the Veteran was last afforded a VA examination to evaluate the severity of his service-connected left knee disability in May 2011, and the VA nurse practitioner at the time could not distinguish between residuals resulting from the Veteran's post-service injury and his service-connected left knee disability. Under these circumstances, VA cannot rate the service-connected left knee disability without further medical evaluation and clarification. Hence, the Veteran is entitled to a new VA examination. See, e.g., Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the Veteran's claims folder (physical or electronic), VA treatment records for his left knee disability, dated from May 2012 to present. 

2. Afford the Veteran an appropriate VA examination for evaluation of the service-connected left knee disability. All appropriate tests should be conducted. The entire claims file, to include a complete copy of this REMAND, must be made available to the examiner(s), and the report of the examination(s) should note review of the file. 

The examiner should specify the degrees of flexion and extension for the left knee, and should note whether there is any additional limitation of motion due to pain, weakened movement, excess fatigability, or incoordination. This determination, to include any additional limitations on flare-ups, should be expressed in terms of degrees of additional limited motion.

The examiner should also specifically identify all symptomatic residuals of left knee semilunar cartilage removal; if present, address whether such are a result of his service-connected left knee arthritis. 

In providing the specific findings noted above, the examiner should, to the extent possible, distinguish the symptoms and effects of the service-connected left knee disability from those associated with any other disability of the left knee. If it is not medically possible to do so, the examiner should clearly so state, and indicate that the findings pertain to overall left knee disability.

These specific findings are needed to rate the Veteran's disability in accordance with the rating schedule. It is therefore important that the examiner furnish the requested information.

3. After ensuring that the requested actions are completed, re-adjudicate the claim on appeal in light of all pertinent evidence. If the benefits sought are not fully granted, furnish a supplemental statement of the case (SSOC) and then return the claims file to the Board, if otherwise in order. 

No action is required of the Veteran and his representative until they are notified by the RO or AMC. The Veteran has the right to submit additional evidence and argument on the matters that the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
S. S. TOTH 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).